UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH BONNY,

                    Plaintiff,

                -against-

TRANSDEV NORTH AMERICA;
SEDGWICK CMS-AURORA; OLD
REPUBLIC INSURANCE; ROCKLAND
COUNTY TRANSIT/TRANSDEV; COUNTY
OF ROCKLAND DEPARTMENT OF
TRANSPORTATION; COUNTY OF
ROCKLAND TRANSPORT OF ROCKLAND,

                  Defendants.

1:21-CV-2298 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Ruth Bonny, of Spring Valley, Rockland County, New York, filed this *pro se*

action invoking the Court's diversity jurisdiction. She sues: (1) TransDev North America

("TransDev"), (2) Sedgwick CMS-Aurora ("Sedgwick"), (3) Old Republic Insurance Company

("Old Republic"), (4) "Rockland County Transit/Transdev," (5) the Rockland County

Department of Transportation, and (6) "County of Rockland Transport of Rockland."

      Plaintiff provides mailing addresses only for TransDev, Sedgwick, Old Republic, and

"Rockland County Transit/Transdev." The mailing address she provides for TransDev is in

Lombard, Illinois, and the mailing address she provides for Old Republic is in Chicago, Illinois.

(ECF 2, at 2.) For Sedgwick and "Rockland County Transit/TransDev," Plaintiff provides as a

mailing address the same post-office box address in Lexington, Kentucky. (*Id.*) Plaintiff asserts

that at least one of the defendants is incorporated in Illinois, Kentucky, and New York, and has

its principal place of business in all three of those states, but she does not specify the defendant

or defendants to which she refers. (*Id.* at 4.) Plaintiff seeks unspecified damages; in the section of

the complaint in which she is instructed to identify the relief she seeks, she states the following: "[p]ast [m]edical bills, [f]uture medical expenses, [s]caring, [p]ain and suffering, [s]pecial damages." (*Id.*)

By order dated May 19, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: On March 2, 2020, Plaintiff boarded a bus in Spring Valley, Rockland County, New York.[1] Before Plaintiff could sit down, the bus driver accelerated

---

[1] Plaintiff appears to allege that the bus was either owned by Transport of Rockland County (TOR) and operated by TransDev, or that the bus was both owned and operated by

the bus, causing Plaintiff to fall and sustain injuries. Plaintiff was eventually taken to a hospital by ambulance.

On April 8, 2020, Plaintiff filed a letter with the County of Rockland "to notify [it] of [her] claim." (ECF 2, at 4.)[2] On or about the next day, April 9, 2020, Plaintiff received a letter from Sedgwick asking Plaintiff to get in contact with it. "Sedgwick manages claims for Old Republic . . . on behalf of Transdev Services, Inc." (*Id.* at 6.)

Plaintiff mailed to Sedgwick her "medical information along with the claim letter" thirteen days later, on April 22, 2020. (*Id.* at 4.) On or about April 29, 2020, Plaintiff received another letter from Sedgwick, "saying [that] if [it] do[es]n't hear from [Plaintiff, it] will close the claim." (*Id.*) Plaintiff mailed to Sedgwick a request to correct its spelling of her name on May 5, 2020; she also sent additional information. On or about nine days later, on May 14, 2020, Plaintiff received a letter from Sedgwick in which it requested to have a "voice conversation" with her. (*Id.*) But Plaintiff did not have immediate access to a telephone to call Sedgwick. Eventually, Plaintiff was able to call Sedgwick by telephone, but she was told by one of Sedgwick's representatives that her "claim was closed." (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts

___

TransDev, and that TransDev provides public transportation on TOR bus routes. (*See* ECF 2, at 8.)

[2] Plaintiff has attached to her complaint a copy of a document that appears to be a notice of claim that she filed with the County of Rockland. (ECF 2, at 7-9.) In that document, Plaintiff asserted that she was injured due to the bus driver's negligence, and she sought $158,914.15 in damages. (*Id.*)

3

claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

The Court construes Plaintiff's complaint as asserting claims of negligence under state law. But Plaintiff has failed to allege facts sufficient to allow this Court to consider her claims under the Court's diversity jurisdiction.

To establish the Court's diversity jurisdiction, a plaintiff must first show that she and the defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where she "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)

4

(internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* But a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

There is a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Even if the Court were to assume that Plaintiff has alleged facts sufficient to show that her claims are worth $158,914.15, the amount sought in her notice of claim – which would satisfy the jurisdictional amount for a diversity action – Plaintiff is a citizen of New York State and concedes that at least one defendant is a citizen of New York State. (ECF 2, at 3-4.)[3] Thus, the parties are not diverse. The Court therefore lacks diversity jurisdiction to consider this action, and dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). But

---

[3] While Plaintiff does not specify which of the named defendants are citizens of New York State, they presumably include the Rockland County Department of Transportation and "County of Rockland Transport of Rockland."

in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend her complaint to allege facts showing that the Court has diversity jurisdiction to consider her claims.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). But the Court grants Plaintiff 30 days' leave to file an amended complaint in which she alleges facts showing that the Court has diversity jurisdiction to consider her claims.

If Plaintiff fails to comply with this order within the time allowed, the Court will enter judgment dismissing this action for lack of subject matter jurisdiction. *See id.*

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 12, 2021
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

6