UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH BONNY,

        Plaintiff,

-against-

TRANSDEV NORTH AMERICA;
SEDGWICK CMS-AURORA; OLD
REPUBLIC INSURANCE,

        Defendants.

1:21-CV-2298 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated July 12, 2021, the Court dismissed this *pro se* action for lack of subject matter jurisdiction but granted Plaintiff 30 days' leave to file an amended complaint to allege facts showing that the Court has diversity jurisdiction to consider her claims. (ECF 4.) On July 30, 2021, Plaintiff filed an amended complaint. (ECF 5.) In her amended complaint, Plaintiff invokes the Court's diversity jurisdiction and names as defendants: (1) TransDev North America ("TransDev"), (2) Sedgwick CMS-Aurora ("Sedgwick"), and (3) Old Republic Insurance Company ("Old Republic").

    Plaintiff resides in Spring Valley, Rockland County, New York. The mailing address she provides for TransDev is in Lombard, Illinois; the mailing address for Old Republic is in Chicago, Illinois; and the mailing address for Sedgwick is a post-office box address in Lexington, Kentucky. (*Id.* at 2.) Plaintiff asserts that at least one of the defendants is incorporated and has its principal place of business in Illinois, Kentucky, and New York, but she does not specify the defendant or defendants to which she refers. (*Id.* at 4.) Plaintiff seeks unspecified damages; in the section of the amended complaint in which she is instructed to

identify the relief she seeks, she states the following: "[p]ast [m]edical bills, [f]uture medical expenses, [s]caring, [p]ain and suffering, [s]pecial damages." (*Id.*)

By order dated May 19, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff's allegations in her amended complaint are virtually identical to those in her original complaint. Thus, the Court assumes familiarity with Plaintiff's allegations. In both her original and amended complaints, Plaintiff referred to a letter she filed with the County of Rockland in which she "noti[fied] [the County] of [her] claim" (ECF 2, at 4; ECF 5, at 4); this appears to be a reference to a notice of claim she filed with the County in which she asserted that she was injured because of a bus driver's negligence and sought $158,914.15 in damages (ECF

2

2, at 7-9). But unlike in her original complaint, Plaintiff has not attached to her amended complaint a copy of that notice of claim.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

The Court construes Plaintiff's amended complaint as asserting claims of negligence under state law. But Plaintiff's allegations in her amended complaint fail to show that this Court has diversity jurisdiction to consider her claims.

To establish the Court's diversity jurisdiction, a plaintiff must first show that she and the defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original'

diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where she "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* But a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

There is a second component to diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff asserts in her amended complaint that she is a citizen of New York State and concedes that at least one defendant is also a citizen of New York State. (ECF 5, at 3-4.) Thus, the parties are not diverse. Plaintiff further fails to allege any facts in her amended complaint

showing that her claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000. The Court therefore lacks diversity jurisdiction to consider this action, and dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 7, 2021
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge